IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HAROLD BLACH, JR., | * |
| Plaintiff, | * |
| vs. | * |
| AFLAC, INC., | *   CASE NO. 4:15-MC-5 |
| Garnishee, | * |
| SAL DIAZ-VERSON, | * |
| Defendant. | * |

O R D E R

Plaintiff Harold Blach obtained a $158,343.40 judgment in Alabama against Defendant Sal Diaz-Verson. He registered that judgment in this Court. Blach then filed this garnishment against Garnishee AFLAC, Inc. in an attempt to collect his judgment. AFLAC makes bi-monthly payments from its Columbus, Georgia office to its former employee, Diaz-Verson, pursuant to a severance agreement. AFLAC withheld $13,380.82 from the payments to Diaz-Verson pursuant to Blach's first summons of garnishment. Diaz-Verson objects to AFLAC withholding any amount from what it owes him, and he filed a traverse to the garnishment. After this Court denied the traverse, Diaz-Verson appealed the Court's denial to the Eleventh Circuit Court of Appeals. Diaz-Verson seeks a stay of this action while his

appeal is pending (ECF No. 16). Specifically, he objects to the Court distributing the $13,380.82 to Blach during the appeal. He also argues that he should not be required to post a supersedeas bond given that Blach is adequately protected during the appeal as long as AFLAC holds the $13,380.82 and does not pay these garnished funds to anyone. Blach filed a motion for distribution of the $13,380.82 to him and argues that if that motion is not granted, Diaz-Verson should be required to post an adequate supersedeas bond (ECF No. 21).

## DISCUSSION

### I. Stay of Blach's First Summons of Garnishment

The Court finds that this action should be stayed pending the current appeal. The Court further finds that rather than requiring a supersedeas bond, the Court can protect the interests of the parties by ordering AFLAC to deposit the $13,380.82 into the registry of this Court. The Court recognizes that AFLAC faces a competing garnishment filed in the Superior Court of Muscogee County by Robert Frey. But the Court knows of no reason why Diaz-Verson's state court creditor cannot make a claim to the funds deposited in this action. *See* O.C.G.A. § 18-4-95 ("At any time before judgment is entered on the garnishee's answer or money or other property subject to garnishment is distributed, any person may file a claim in writing under oath stating that he has a claim superior to that

of the plaintiff to the money or other property in the hands of the garnishee subject to the process of garnishment; and the claimant shall be a party to all further proceedings upon the garnishment."). Accordingly, AFLAC is directed to deposit the $13,380.82 of garnished funds into the registry of the Court within seven days of today's Order. This action shall be stayed until further order of this Court. Accordingly, Blach's motion for distribution is denied at this time.

**II.  Additional Summonses of Garnishment**

The Court also recognizes that Blach filed a second summons of garnishment against the same bi-monthly AFLAC payments at issue here. Under Georgia law, Blach may file additional summonses of garnishment against AFLAC until his $158,343.40 judgment is satisfied. *See* O.C.G.A. § 18-4-63(a) ("Summons of garnishment may issue from time to time on the same affidavit until the judgment is paid or the garnishment proceeding is otherwise terminated in accordance with this chapter."). During Blach's appeal, the Court permits the issuance of additional summonses of garnishment filed by Blach to AFLAC. AFLAC shall answer the additional summonses within the time required by Georgia law and deposit the garnished funds in this Court's registry. Diaz-Verson shall be permitted to file a traverse to each summons of garnishment with an accompanying motion to distribute the funds to him. Any other creditor claiming an

3

interest in the garnished funds may intervene to assert its claim to the proceeds deposited into the registry of this Court. Blach may also file a motion for distribution. The Court will stay distribution of any funds garnished from the AFLAC payments and deposited into its registry pending Diaz-Verson's current appeal.

CONCLUSION

The Court grants Diaz-Verson's motion for stay of this action to the extent described in this Order, and Diaz-Verson shall not be required to post a supersedeas bond (ECF No. 16). However, the motion is denied to the extent that he seeks to have AFLAC withhold the garnished amounts and not pay them into the registry of this Court. In lieu of a supersedeas bond, the Court orders AFLAC to remit the garnished $13,380.82 to this Court within seven days of today's Order. The Court further orders AFLAC to pay into the registry of this Court any future amounts garnished through Blach's additional summonses. If AFLAC receives summonses of garnishment from other creditors of Diaz-Verson seeking to garnish these same funds, AFLAC shall indicate in its answer to the other creditors' summonses that the garnished funds have been paid into the registry of this Court pursuant to the Order of this Court. No funds will be distributed from the registry of this Court until the presently

pending appeal is final or unless otherwise ordered by this Court.

IT IS SO ORDERED, this 1st day of April, 2016.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA