IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HAROLD BLACH, | * | |
|     Plaintiff, | * | |
| ROBERT FREY, | * | |
|     Third Party Claimant, | * | |
| vs. | * | CASE NO. 4:15-MC-5 |
| AFLAC, INC., | * | |
|     Garnishee, | * | |
| SAL DIAZ-VERSON, | * | |
|     Defendant. | * | |

O R D E R

This garnishment action is a consolidation of numerous garnishments filed by Harold Blach against AFLAC, Inc., as garnishee. The action has been stayed pending a certified question submitted to the Georgia Supreme Court. That question has now been answered and is dispositive of motions to dismiss several of the garnishments filed by Sal Diaz-Verson, whose funds owed to him by AFLAC are being garnished. Based on the Supreme Court's answer to the certified question, those motions are denied as explained below. This Order also charts a path forward for the process of determining how the garnished funds, which were paid into the registry of this Court, shall be disbursed.

BACKGROUND

Plaintiff Harold Blach holds a judgment against Defendant Sal Diaz-Verson. In 2015, Blach registered his judgment in this Court and began filing garnishment actions against Diaz-Verson's former employer, AFLAC Inc., to collect on his judgment. Over Diaz-Verson's objection, the Court concluded that twenty-five percent of each bimonthly payment AFLAC makes to Diaz-Verson is subject to garnishment. Diaz-Verson's former attorney, Robert Frey, intervened in this action claiming he holds a judgment against Diaz-Verson that is superior to Blach's.

The Court consolidated all of the pending garnishment actions and ordered that any future filings be filed in this action. So, about once a month, Blach files an application for a writ of garnishment; the clerk issues a summons of garnishment to AFLAC; Diaz-Verson files a traverse and motion to dismiss the new writ of garnishment;[1] AFLAC answers the writ of garnishment and deposits funds into the registry of the Court; and Frey files a motion for disbursement of the funds. To date, AFLAC has paid more than $250,000 into the registry of the Court. The Court found that Frey's judgment is superior to Blach's and ordered that the funds

---

[1] Before January of 2017, Diaz-Verson's traverses and motions to dismiss were based solely on the same arguments he raised in his first motion to dismiss, which the Court rejected. *See, e.g.,* Traverse & Mot. to Dismiss (Sept. 7, 2016), ECF No. 65 (relying on arguments raised in ECF Nos. 5 & 11, acknowledging that the Court had previously ruled against him on these grounds, and stating that the new motion to dismiss is simply "to preserve his defenses and rights on appeal"); *see also* Order Den. Mot. to Dismiss, ECF No. 13.

garnished pursuant to garnishments that were filed before May 12, 2016 be disbursed to Frey. Order, May 8, 2017, ECF No. 179.

## DISCUSSION

### I. Diaz-Verson's Motion to Dismiss (ECF No. 127)

Diaz-Verson filed a motion to dismiss of all of Blach's garnishments filed after May 12, 2016 (ECF No. 127). According to Diaz-Verson, under Georgia's new garnishment statute that became effective on May 12, 2016, AFLAC is a financial institution even when it is garnished based on earnings it owes to an employee as its employer. Thus, Diaz-Verson argued, Blach was required to use a financial institution garnishment form (with a five-day garnishment period), not the general garnishment form Blach actually used (with a twenty-nine-day garnishment period). The Court found no controlling Georgia precedent on the issue and certified the question to the Georgia Supreme Court. In the meantime, the Court declined to order disbursement of funds garnished pursuant to garnishments that were filed after May 12, 2016. The Court did not, however, stay further garnishments.

The Georgia Supreme Court answered the certified question on February 5, 2018: an insurance company like AFLAC "is not a 'financial institution' for purposes of O.C.G.A. § 18-4-4(c)(2) when the insurance company is garnished based on the earnings that it owes the defendant as the defendant's employer." *Blach v. Diaz-Verson*, No. S17Q1508, 2018 WL 700024, at *3 (Ga. Feb. 5,

3

2018). Thus, the garnishments in this case need not be dismissed based on Blach's use of the general garnishment form. Diaz-Verson's motion to dismiss on this ground (ECF No. 127) is therefore DENIED.[2] The funds held by the Court may now be disbursed to the superior judgment holder.

**II. Motions for Disbursement of Funds**

The Court recently terminated all of the motions for disbursement that were pending in this case and noted that the parties would need to file consolidated motions for disbursement if the Georgia Supreme Court concluded that an insurance company is not a "financial institution" within the meaning of the garnishment statute based on earnings that it owes an employee as its employer. Frey filed three motions for disbursement shortly after the Georgia Supreme Court answered the certified question: Robert Frey's motion for disbursement of funds paid into the registry of the Court on or before June 19, 2017 (ECF No. 303), Regency Realty, LLC's motion for disbursement of funds paid into the registry of the Court between July 12, 2017 and December 14, 2017 (ECF No. 304), and Robert J. Frey as Trustee's motion for disbursement of funds paid into the registry of the Court so far

---

[2] The Court likewise denies Diaz-Verson's subsequent motions to dismiss on this ground and on those grounds previously rejected by the Court. *See* Order Den. Mot. to Dismiss, ECF No. 13. Those motions are: ECF Nos. 128, 148, 161, 165, 173, 192, 193, 207, 208, 218, 219, 247, 264, 265, 279, and 295.

4

this year (ECF No. 305).[3] No certified copies of the assignments have been filed with the Court. In addition, the motions for disbursement do not state the unpaid balance of the judgment Frey/Regency/Trustee seek to collect on, although Frey (as Trustee) asserted in a recent affidavit that the outstanding amount of the judgment due to him as Trustee is $318,182.12—which includes "additional interest and costs of collection." Frey Aff. (Jan. 30, 2018), ECF No. 302.

Blach objects to any disbursement of funds to Frey, and he asks that the Court reconsider its prior ruling that Frey holds a superior judgment.[4] In the alternative, Blach asks the Court to find that the current amount Diaz-Verson owes to Frey based on the judgment he holds was $254,135.04 as of February 7, 2018.

Within seven days of today's Order, Frey shall supplement his three motions for disbursement with evidence of (1) the current outstanding principal amount of the judgment he (and Regency and

---

[3] Frey asserts that the judgment on which he sought to collect was assigned to Regency Realty, LLC on June 1, 2017. Third Party Claim by Regency Realty, LLC, ECF No. 212. Frey further asserts that the judgment was later assigned to Robert J. Frey as trustee for the Robert J. Frey Living Trust. Third Party Claim by Robert J. Frey, Trustee, ECF No. 268.

[4] In his response to Frey's most recent motions for disbursement, Blach references actions taken by Frey in this action and in various state court garnishment actions. It appears that Blach is now arguing that Frey's behavior since the Court ordered disbursement of funds to Frey last year suggests that the Court should reconsider its finding that Frey holds a legitimate, unsatisfied judgment against Diaz-Verson that is superior to Blach's judgment. If that is the case, Blach should include in his response to Frey's supplemental motions for disbursement an enumerated list of facts, in chronological order, that supports his argument, including citations to evidence. If the supporting evidence is already in the record, Blach should point the Court to the docket number; if the evidence is not yet in the record, Blach should submit it.

5

Frey as Trustee) seeks to collect on, (2) the applicable interest rate and the amount of accrued interest, including an explanation of how Frey calculates accrued interest, (3) how the disbursements made by this Court and any other court were applied to the outstanding balance, and (4) the assignments. The Court notes that Frey/Regency/Trustee sought to collect costs of collection; if such costs are still sought, Frey shall provide an itemized list of the costs, including an explanation of when and why each cost was incurred. Any responses to the motions for disbursement shall be due fourteen days after Frey supplements the motions for disbursement.

CONCLUSION

For the reasons set forth above, the Court denies Diaz-Verson's motions to dismiss (ECF Nos. 127, 128, 148, 161, 165, 173, 192, 193, 207, 208, 218, 219, 247, 264, 265, 279, and 295). The Court orders supplemental briefing on the pending motions for disbursement (ECF Nos. 303, 304 & 305).

IT IS SO ORDERED, this 9th day of February, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

6