IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HAROLD BLACH, | * |
|     Plaintiff, | * |
| ROBERT FREY, *et al.*, | * |
|     Third Party Claimants, | * |
| vs. | *   CASE NO. 4:15-MC-5 |
| AFLAC, INC., | * |
|     Garnishee, | * |
| SAL DIAZ-VERSON, | * |
|     Defendant. | * |

O R D E R

There are two motions presently pending before the Court: the Third-Party Claimants' motion for reconsideration of one issue in the Court's March 14, 2018 order (ECF No. 323) and Plaintiff's motion to enforce Local Rule 83.2.1 (ECF No. 326). As discussed below, the motion for reconsideration is granted. The motion to enforce Local Rule 83.2.1 is denied.

**I.   The Motion for Reconsideration (ECF No. 323)**

The Court previously granted the motions for disbursement of Third-Party Claimants Robert Frey, Regency Realty, LLC, and Robert Frey as Trustee of the Robert J. Frey Living Trust. *See generally* Order (Mar. 14, 2018), ECF No. 321. Frey, on behalf of the claimants, seeks reconsideration of one issue: the amount of the

principal balance of the judgment that was assigned to him by Porter Bridge Loan Company after it settled its claims with Frey's former client, Sal Diaz-Verson. Based on the record before the Court when it issued the most recent Order, the Court concluded that the principal balance was $218,282.31. Frey contends that the principal balance was $219,982.78.

The resolution of this issue depends on the original judgment date and the effective date of the settlement between Porter Bridge and Diaz-Verson. The record at the time of the original motions for disbursement supported several possibilities for each date. It is now clear from Frey's motion for reconsideration that the effective date of the settlement was November 1, 2009. It is also now clear from Frey's motion for reconsideration that the original judgment date was October 5, 2009—the date of the state court deficiency hearing—because the state court in its final judgment determined that Diaz-Verson owed Porter Bridge $397,386.87 as of October 5, 2009 and stated that this amount would accrue interest at a rate of 8% per year until satisfied. *See* Fla. Final Judgment 2-3, ECF No. 318-1. The Court therefore accepts Frey's argument on the principal amount of the judgment, grants his motion for reconsideration (ECF No. 323), and modifies its prior order as follows: The Court concludes that the outstanding principal balance of the Porter Bridge Judgment should be calculated based on the final judgment date of October 5, 2009 and the settlement effective date of November 1, 2009. Using

these dates, the correct principal balance of the judgment on March 14, 2018 was $219,982.78.

## II. The Motion to Enforce Local Rule 83.2.1 (ECF No. 326)

Also pending before the Court is Plaintiff's motion to enforce Local Rule 83.2.1 (ECF No. 326). That rule provides for discipline if an attorney violates the Court's standards of conduct. The Court's standards of conduct instruct lawyers to "communicate respectfully with other lawyers" and "avoid creating unnecessary animosity or contentiousness." M.D. Ga. L.R. at vi §§ A(2), A(7). And, lawyers generally should not "disparage the intelligence, ethics, morals, integrity or personal behavior of another lawyer" in their submissions and presentations to the Court. *Id.* at viii § B(3)(b).

In support of his motion, Plaintiff's counsel, Mr. Minter, points to some of the more vituperative snippets from Mr. Frey's briefs and emails and offers to provide a full catalog of every offensive statement Mr. Frey has ever made about him. Not to be outdone, Mr. Frey responds that Mr. Minter's conduct has been even worse than his own. Quite frankly, the conduct of counsel for both parties likely could not withstand close scrutiny by the Court. Burdening the Court's Grievance Committee with the task of trying to ascertain whose manners are worse, however, would enlarge these proceedings and likely be an exercise in futility. Finding that the value of closing this case expeditiously exceeds the benefit to be

3

derived from disciplining counsel, the Court declines to impose sanctions at this time. Accordingly, the motion is denied.

CONCLUSION

As discussed above, the motion for reconsideration (ECF No. 323) is granted, and the motion for enforcement of local rule 83.2.1 (ECF No. 326) is denied.

IT IS SO ORDERED, this 2nd day of April, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA