IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HAROLD BLACH,                  *

    Plaintiff,              *

vs.                            *
                                            CASE NO. 4:15-MC-5 (CDL)

SAL DIAZ-VERSON,               *

    Defendant.              *

O R D E R

Plaintiff Harold Blach holds a judgment against Defendant Sal Diaz-Verson. Diaz-Verson has not satisfied the judgment. Diaz-Verson's former employer, AFLAC Inc., makes bimonthly payments to Diaz-Verson, twenty-five percent of which is subject to garnishment. So, for the last three years, Blach has been filing monthly applications for writs of garnishment against AFLAC. Before Blach could start collecting on his judgment via garnishment, Diaz-Verson's former attorney, Robert Frey, laid claim to the garnished funds, asserting that he had a superior judgment against his former client. The Court agreed and ordered disbursement of the garnished funds to Frey until his judgment was satisfied. After Frey's judgment was satisfied and Blach began receiving disbursements of the garnished funds, Frey reentered the fray, this time representing Diaz-Verson's ex-wife Patricia. Patricia argues that she has a judgment against Diaz-

Verson that is superior to Blach's, and she filed third party claims to the garnished funds. The Court must now decide who should receive the funds held in the Court's registry that are subject to the pending motions for disbursement of funds.

PROCEDURAL BACKGROUND

In response to Blach's applications for writs of garnishment, the Clerk issued writs of garnishment (ECF No. 344 on 5/11/2018, ECF No. 356 on 6/6/2018, ECF No. 361 on 7/5/2018, ECF No. 368 on 8/3/2018). AFLAC answered those writs of garnishment and deposited funds into the Court's registry (Answer, ECF No. 359 on 6/21/2018, deposit of $16,244.64 on 6/29/2018; Answer, ECF No. 364 on 7/10/2018, deposit of $10,619.64 on 7/19/2018; Answer, ECF No. 369 on 8/8/2018, deposit of $10,619.64 on 8/15/2018; Answer, ECF No. 382 on 9/6/2018, deposit of $10,619.64 on 9/14/2018).[1] Diaz-Verson did not object to AFLAC's Answers. The Court holds $64,348.20 in its registry, $48,103.56 of which is subject to the pending motions for disbursement.

DISCUSSION

Both Blach and Patricia hold judgments against Diaz-Verson. The question for the Court is whose judgment has priority in this garnishment action. "It is clear that in Georgia, the

---

[1] Another writ of garnishment was issued on August 29, 2018 (ECF No. 380). AFLAC answered on 10/11/2018 (ECF No. 393) and deposited $16,244.64 into the Court's registry on 10/25/2018. There is no pending motion to disburse those funds.

relative position of judgment liens is determined by seniority; an older Georgia judgment has priority over a newer judgment." *NationsBank, N.A. v. Gibbons*, 487 S.E.2d 417, 418–19 (Ga. Ct. App. 1997); *accord* O.C.G.A. § 9-12-80 ("All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments[.]").

Blach obtained a judgment for $158,343.40 against Diaz-Verson on March 12, 2012 in the U.S. District Court for the Northern District of Alabama. He registered the judgment in Georgia on October 6, 2015. "Although a foreign judgment is entitled to full faith and credit, to be enforced in Georgia it must first be domesticated." *Gibbons*, 487 S.E.2d at 419. A foreign judgment cannot be enforced in Georgia and thus "cannot acquire position relative to other liens" until it domesticated. *Id.* Therefore, the priority date of Blach's judgment as it relates to other Georgia judgments is October 6, 2015.

Patricia and Diaz-Verson divorced in 2011. Pursuant to the final judgment and decree entered on December 2, 2011, Diaz-Verson must pay Patricia alimony of $10,000 per month—$5,000 on the first day of each month and $5,000 on the fifteenth day of each month—until Patricia dies or remarries. Am. Mot. for Distribution Ex. A, Final J. & Decree 1, ECF No. 376-1 at 1 &

3

Settlement Agreement ¶ 3, ECF No. 376-1 at 4-5.  Patricia is living and has not remarried.  She claims that Diaz-Verson was in arrears on her alimony payments in the amount of $96,000 as of August 14, 2018.  Patricia Diaz-Verson Aff. (Aug. 14, 2018), ECF No. 375.  She also appears to assert that Diaz-Verson did not make any alimony payments after August 14, 2018.  *See* Patricia Diaz-Verson Aff. (Sept. 20, 2018), ECF No. 386 (claiming an arrearage of $111,000 as of September 20, 2018). Patricia did not state when Diaz-Verson stopped making alimony payments, but based on her affidavits, Diaz-Verson was nineteen full payments and one partial payment behind as of August 14, 2018.  Thus, Diaz-Verson was current on his alimony payments through October 2017.  Under the final judgment and decree, Patricia could not institute continuing garnishment proceedings against Diaz-Verson until mid-November 2017, when the unpaid amount was "equal to or greater than the amount payable for one month."  Final J. & Decree 2, ECF No. 376-1 at 2.

Patricia argues that her claim to the garnished funds based on the arrearages is superior to Blach's judgment because her claim relates back to the original date of her divorce decree, December 2, 2011.  Blach, on the other hand, contends that Patricia's claim can take priority only as to Diaz-Verson's arrearage on the date of Blach's judgment, which Blach asserts

4

was zero. Both sides rely on the same case to answer this question: *Cale v. Hale*, 277 S.E.2d 770 (Ga. Ct. App. 1981).

In *Cale*, a couple was granted a final divorce in 1975, and the wife was granted monthly alimony and child support. In March 1980, a creditor obtained a judgment against the husband. Later that month, the wife obtained a writ of fieri facias against the husband because he was in arrears on his monthly alimony and child support payments. The husband's property was garnished, and the trial court found that the creditor's judgment was entitled to priority in the distribution of garnishment funds over the wife's claim for unpaid alimony and child support. The Georgia Court of Appeals reversed. The Court of Appeals noted that certain divorce judgments are an exception to the rule of priority under O.C.G.A. § 9-12-80 because "a judgment for permanent alimony does not create a lien for future monthly installments unless a lien is expressly created against the property in the alimony judgment." *Cale*, 277 S.E.2d at 772. But, the Court of Appeals remanded for further proceedings in *Cale* because the wife had priority "in that portion of the garnishment fund which represents [the husband's] arrearage on the date of [the creditor's] judgment." *Id.*; *accord Dee v. Sweet*, 480 S.E.2d 316, 318 (Ga. Ct. App. 1997) (finding that the trial court did not err in concluding that a judgment creditor had priority over a claim for unpaid

5

child support that had not accrued prior to the judgment creditor's lien).

Under this precedent, Patricia only had priority "in that portion of the garnishment fund which represents [Diaz-Verson's] arrearage on the date of [Blach's] judgment." *Cale*, 277 S.E.2d at 772. Thus, to be entitled to a disbursement of the garnished funds, Patricia was required to establish that she had a judgment lien against Diaz-Verson before October 6, 2015. She did not do so. Patricia did not present any evidence that there was an arrearage in alimony payments as of that date. Based on Patricia's affidavits, Diaz-Verson was current on his alimony payments through October 2017 because Patricia only claims that he was nineteen full payments and one partial payment behind as of August 14, 2018. Accordingly, Patricia does not have priority over Blach in any portion of the present garnishment fund. Her motions for disbursement are denied, and Blach's are granted.

CONCLUSION

For the reasons set forth above, the Court denies Patricia Diaz-Verson's motions for disbursement (ECF Nos. 373, 376, 385, 391). The Court grants Blach's motions for disbursement (ECF Nos. 366, 370, 379, 389). The Clerk is instructed to enter judgment in favor of Plaintiff Harold Blach with regard to the writs of garnishment issued on May 11, 2018 (ECF No. 344), June

6, 2018 (ECF No. 356), July 5, 2018 (ECF No. 361), and August 3, 2018 (ECF No. 368). Fourteen days from the date of today's Order, the Clerk shall disburse to Blach $48,103.56, plus any interest earned on that sum while it was held in the Court's registry, unless any party files a notice of appeal relating to today's rulings before that date.

IT IS SO ORDERED, this 2nd day of November, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA