IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HAROLD BLACH,                          *

    Plaintiff,                     *

vs.                                    *
                                    CASE NO. 4:15-MC-5 (CDL)

SAL DIAZ-VERSION,                      *

    Defendant.                     *

_____

O R D E R

Plaintiff Harold Blach holds a judgment against Defendant Sal Diaz-Verson that was registered in this Court on October 6, 2015. The remaining principal balance of Blach's judgment is approximately $97,000. Diaz-Verson has not satisfied the judgment. Diaz-Verson's former employer, AFLAC Inc., makes bimonthly payments to Diaz-Verson, twenty-five percent of which is subject to garnishment. Diaz-Verson's ex-wife Patricia filed third party claims to the garnished funds, arguing that she has a judgment against Diaz-Verson that is superior to Blach's.[1] She claims that Diaz-Verson is indebted to her for "alimony arrearages" in the amount of $388,828.29 based on Diaz-Verson's alleged failure to extinguish two judgment liens that were

_____

[1] Patricia previously argued that she held a judgment superior to Blach's based on Diaz-Verson's failure to make recent alimony payments. The Court, however, concluded that her judgment based on the alimony arrearages, which accrued after Blach registered his judgment in this Court, was not superior to Blach's judgment. *See generally* Nov. 2, 2018 Order, ECF No. 400.

allegedly created against a beach condominium that Patricia and Diaz-Verson purchased together and was awarded to Patricia in the divorce. P. Diaz-Verson Aff., ECF No. 417. The Court must now decide who should receive the funds held in the Court's registry that are subject to the pending motions for disbursement of funds.

## PROCEDURAL BACKGROUND

In response to Blach's applications for writs of garnishment, the Clerk issued writs of garnishment (ECF No. 380 on 8/29/2018, ECF No. 388 on 9/26/2018, ECF No. 396 on 10/24/2018). AFLAC answered those writs of garnishment and deposited funds into the Court's registry (Answer, ECF No. 393 on 10/11/2018, deposit of $16,244.64 on 10/25/2018; Answer, ECF No. 399 on 11/1/2018, deposit of $5,309.82 on 11/29/2018; Answer, ECF No. 410 on 12/7/2018, deposit of $10,619.64 on 12/27/2018). Diaz-Verson did not object to AFLAC's Answers. The Court holds $32,174.10 in its registry that is subject to the motions for disbursement.[2]

## DISCUSSION

Patricia and Diaz-Verson divorced in 2011. The final judgment and divorce decree entered on December 2, 2011 awarded

---

[2] AFLAC deposited $10,619.64 on January 4, 2019 in response to the writ of garnishment issued on December 7, 2018. That deposit is not subject to any pending motions for disbursement. Another writ of garnishment was issued on December 19, 2018 (ECF No. 412). AFLAC has not yet answered that writ.

Patricia alimony. Settlement Agreement ¶ 3, ECF No. 376-1 at 4-5. In also awarded Patricia the couple's condominium in Escambia County, Florida, "free and clear of any claim by [Diaz-Verson]. [Diaz-Verson] hereby quit claims all of his right, title and interest in and to said property to [Patricia]."[3] *Id.* ¶ 4(a), ECF No. 376-1 at 5. The divorce decree acknowledged that there was a tax delinquency on the property, but it required that Diaz-Verson pay Patricia an amount sufficient to satisfy the taxes and that Patricia would pay the taxes. *Id.* ¶ 4(b). Patricia does not argue that Diaz-Verson failed to pay her that amount. Rather, she claims that there were judgment liens against the property based on two consent judgments that SunTrust Bank obtained against Diaz-Verson prior to the divorce and that she had to satisfy a portion of the liens when she sold the condominium in 2015.

Patricia provided the Court with a copy of two consent judgments that SunTrust obtained against Diaz-Verson. The first, for $156,132.37, was entered on August 2, 2006 in the Circuit Court of Sarasota County, Florida. Patricia's 3d Party Claim Ex. C, Agreed Final Summ. J. (Aug. 2, 2006), ECF No. 403-3. The second, for $279,323.32, was entered on October 31, 2006 in the Superior Court of Muscogee County, Georgia. Patricia's

---

[3] Based on the divorce decree, the beach condominium was not Patricia's residence at the time of the divorce; rather, her residence was in Fortson, Georgia. Settlement Agreement ¶ 6, ECF No. 376-1 at 6.

3d Party Claim Ex. A, Consent Order & J. (Oct. 31, 2006), ECF No. 403-1. SunTrust obtained an order recognizing the Georgia judgment in the Circuit Court of Sarasota County, Florida in early 2007. Patricia's 3d Party Claim Ex. A, Order Granting Recognition of Foreign J. (Feb. 8, 2007), ECF No. 403-2. But this evidence does not establish that SunTrust obtained judgment liens against the Escambia County condominium based on these judgments.[4]

More importantly, Patricia did not point to evidence that Diaz-Verson's alleged failure to satisfy the SunTrust judgments amounts to an alimony arrearage that relates back to the date of the divorce decree. In her reply brief, Patricia argued that she had to pay $388,828.29 to clear liens attributable to Diaz-Verson when she sold the condominium. But she did not point to any *evidence* on this point. Even if she had, she did not establish that Diaz-Verson's alleged breach of contract with regard to conveying the condominium to Patricia free and clear of any claim by Diaz-Verson amounts to an "alimony arrearage." Therefore, Patricia failed to establish that she has priority

---

[4] In Florida, a judgment or decree "becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county." Fla. Stat. § 55.10. Therefore, a certified copy of the judgment must be recorded in each county where the judgment holder seeks to perfect the lien. In this case, Patricia did not point to any evidence that SunTrust recorded its Sarasota County judgments against Diaz-Verson in Escambia County.

over Blach in any portion of the present garnishment fund. Her motions for disbursement are denied, and Blach's are granted.

CONCLUSION

For the reasons set forth above, the Court denies Patricia Diaz-Verson's motions for disbursement (ECF Nos. 404, 418). The Court grants Blach's motions for disbursement (ECF Nos. 402, 413). The Clerk is instructed to enter judgment in favor of Plaintiff Harold Blach with regard to the writs of garnishment issued on August 29, 2018 (ECF No. 380), September 26, 2018 (ECF No. 388), and October 24, 2018 (ECF No. 396). Fourteen days from the date of today's Order, the Clerk shall disburse to Blach $32,174.10, plus any interest earned on that sum while it was held in the Court's registry, unless any party files a notice of appeal relating to today's rulings before that date.

Blach's motion for a hearing (ECF No. 414) is denied.

IT IS SO ORDERED, this 11th day of January, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA