IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HAROLD BLACH,                    *

    Plaintiff,              *

vs.                              *
                                         CASE NO. 4:15-MC-5 (CDL)

SAL DIAZ-VERSION,                *

    Defendant.              *

O R D E R

The Court previously granted Harold Blach's motions for disbursement of funds and denied third party claimant Patricia Diaz-Verson's motions for disbursement of funds. Order (Jan. 11, 2019), ECF No. 420. Patricia filed a motion for reconsideration (ECF No. 422), which is granted to the extent that the Court's January 11, 2019 Order is vacated and replaced with this Order.[1] As discussed in more detail below, the Court denies Patricia Diaz-Verson's motions for disbursement (ECF Nos. 404, 418). The Court grants Blach's motions for disbursement (ECF Nos. 402, 413).

---

[1] Patricia's motion for reconsideration is properly characterized as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), and in ruling on such a motion the Court normally would not consider previously unsubmitted evidence like the two exhibits Patricia submitted in support of her motion. But the Court finds that an exception should be made in this continuing garnishment case because the same issue will recur when the next motion for disbursement is filed unless this issue is decided now.

PROCEDURAL BACKGROUND

Harold Blach holds a judgment against Sal Diaz-Verson that was registered in this Court on October 6, 2015. The remaining principal balance of Blach's judgment is approximately $97,000. Diaz-Verson has not satisfied the judgment. Diaz-Verson's former employer, AFLAC Inc., makes bimonthly payments to Diaz-Verson, twenty-five percent of which is subject to garnishment. Blach has filed a series of applications for writs of garnishment. In response to Blach's applications for writs of garnishment, the Clerk issued writs of garnishment (ECF No. 380 on 8/29/2018, ECF No. 388 on 9/26/2018, ECF No. 396 on 10/24/2018). AFLAC answered those writs of garnishment and deposited funds into the Court's registry (Answer, ECF No. 393 on 10/11/2018, deposit of $16,244.64 on 10/25/2018; Answer, ECF No. 399 on 11/1/2018, deposit of $5,309.82 on 11/29/2018; Answer, ECF No. 410 on 12/7/2018, deposit of $10,619.64 on 12/27/2018). Diaz-Verson did not object to AFLAC's Answers. The Court holds $32,174.10 in its registry that is subject to the motions for disbursement.[2]

Diaz-Verson's ex-wife Patricia filed third party claims to the garnished funds, arguing that she has a judgment against Diaz-

---

[2] AFLAC deposited $10,619.64 on January 4, 2019 in response to the writ of garnishment issued on December 7, 2018. That deposit is not subject to any pending motions for disbursement. Another writ of garnishment was issued on December 19, 2018 (ECF No. 412). AFLAC has not yet answered that writ.

Verson that is superior to Blach's.[3] She now claims that Diaz-Verson is indebted to her for "alimony arrearages" in the amount of $388,828.29 based on Diaz-Verson's failure to extinguish two judgment liens that were created against the couple's beach condominium that was awarded to Patricia in the divorce. P. Diaz-Verson Aff., ECF No. 417. In the alternative, she claims that Diaz-Verson breached the settlement agreement that was incorporated into the divorce decree by failing to extinguish the judgment liens and that this failure created an "established debt" that relates back to the date of the divorce decree. Mot. for Recons. 2, ECF No. 422.

FACTUAL BACKGROUND

Patricia was married to Sal Diaz-Verson, the Defendant in this garnishment proceeding. In 2001, the couple purchased a beach condominium in Escambia County, Florida. Unbeknownst to Patricia, two creditors obtained judgment liens against the beach condominium based on judgments against Diaz-Verson. First, SunTrust Bank obtained two judgments against Diaz-Version totaling $435,455.70. SunTrust obtained judgment liens against the condominium when those judgments were recorded in Escambia County

---

[3] Patricia previously argued that she held a judgment superior to Blach's based on Diaz-Verson's failure to make recent alimony payments. The Court, however, concluded that her judgment based on the alimony arrearages, which accrued after Blach registered his judgment in this Court, was not superior to Blach's judgment. *See generally* Nov. 2, 2018 Order, ECF No. 400.

3

in 2006 and 2007. Patricia's 3d Party Claim Ex. C, Agreed Final Summ. J. (Aug. 2, 2006), ECF No. 403-3 (recorded in Escambia County on December 4, 2006); Patricia's 3d Party Claim Ex. A, Consent Order & J. (Oct. 31, 2006), ECF No. 403-1 (recorded in Escambia County on March 29, 2007); Fla. Stat. § 55.10 (stating that a judgment "becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county"). Then, in 2009, Porter Bridge Loan Company obtained a judgment against Diaz-Verson and recorded the judgment in Escambia County. Mot. for Recons. Ex. A, Porter Bridge J., ECF No. 422-1 at 27-30 (recorded in Escambia County on November 6, 2009). The outstanding balance of the Porter Bridge judgment was later assigned to Diaz-Verson's former lawyer (and Patricia's current lawyer), Robert Frey.

The Diaz-Versons divorced in 2011. They reached a settlement agreement, which was incorporated into the final judgment and divorce decree entered on December 2, 2011. *See generally* Final J. & Decree, ECF No. 376-1. The court ordered "alimony and division of property" in accordance with the parties' settlement agreement. *Id.* at 1. Patricia was awarded "alimony" in the form of monthly cash payments. Settlement Agreement § 3, ECF No. 376-1 at 4-5. Patricia was also awarded her "home and real estate" in Fortson, Georgia that was her "current residence" at the time of the divorce. *Id.* § 6, ECF No. 376-1 at 6. And, Patricia was

4

awarded the couple's beach condominium, "free and clear of any claim by [Diaz-Verson].  [Diaz-Verson] hereby quit claims all of his right, title and interest in and to said property to [Patricia]." *Id.* § 4(a), ECF No. 376-1 at 5.  The divorce decree acknowledged that there was a tax delinquency on the condominium, but it required that Diaz-Verson pay Patricia an amount sufficient to satisfy the taxes and that Patricia would pay the taxes.  *Id.* § 4(b), ECF No. 376-1 at 5-6.  Patricia does not argue that Diaz-Verson failed to pay her that amount.  The divorce decree does not mention the three recorded judgment liens against the beach condominium.  Diaz-Verson transferred his interest in the beach condominium to Patricia by quitclaim deed on July 16, 2012.  The quitclaim deed does not mention the three recorded judgment liens against the beach condominium.

In 2015, Patricia prepared to sell the beach condominium. A July 2015 title search revealed the three judgment liens against the condominium.  *See generally* Mot. for Recons. Ex. A, Title Commitment, ECF No. 422-1.  On July 29, 2015, Frey released his judgment lien, which was based on the Porter Bridge judgment, as to the condominium.  The two SunTrust liens remained.

Patricia sold the beach condominium on November 4, 2015.  The closing statement said that there was a reduction from amount due to seller of $388,828.29 for "Payoff of First Mortgage to Suntrust."  Mot. for Recons. Ex. B, Closing Statement, ECF No.

5

422-22. In her affidavit, Patricia stated that the $388,828.29 arose from Diaz-Verson's failure to extinguish judgment liens against the condominium. P. Diaz-Verson Aff., ECF No. 417. Patricia did not point to any evidence that she sought to have Diaz-Verson held in contempt for violating the divorce decree by failing to extinguish the judgment liens.

## DISCUSSION

Under Georgia law, "[a]ll judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments[.]" O.C.G.A. § 9-12-80. The "relative position of judgment liens is determined by seniority; an older Georgia judgment has priority over a newer judgment." *NationsBank, N.A. v. Gibbons*, 487 S.E.2d 417, 418-19 (Ga. Ct. App. 1997); *accord* O.C.G.A. § 18-4-18 (providing that "the party with the oldest entered judgment shall have priority" in garnished funds). The question for the Court is whether Patricia demonstrated that she holds a judgment that is older than, and thus superior to, Blach's October 6, 2015 judgment.

In her present third-party claims and motions for disbursement, Patricia characterizes Diaz-Verson's failure to extinguish the SunTrust judgment liens as an "alimony arrearage." Under Georgia law, although "a judgment for permanent alimony does

6

not create a lien for future monthly installments unless a lien is expressly created against the property in the alimony judgment," a person who receives an alimony judgment "is entitled to an execution or fi. fa. for the purpose of enforcing the judgment whenever and as often as an instalment or instalments become due and are unpaid." *Cale v. Hale*, 277 S.E.2d 770, 772 (Ga. Ct. App. 1981) (quoting *Wood v. Atkinson*, 201 S.E.2d 394, 395 (Ga. 1973); *accord* O.C.G.A. § 19-6-4(b) ("A grant of permanent alimony may be enforced either by writ of fieri facias or by attachment for contempt."). So, if Diaz-Verson was in arrears on his alimony payments before Blach registered his judgment on October 6, 2015, Patricia would be entitled to priority for the arrearage as of that date based on the alimony judgment. *See Cale*, 277 S.E.2d at 722 (concluding that an ex-wife had priority in the portion of a garnishment fund that represented her ex-husband's arrearage on the date of the judgment held by another creditor).

Patricia did not cite any authority for her position that the award of the beach condominium was alimony or that SunTrust's judgment liens against the beach condominium should be considered an alimony arrearage. Under Georgia law, "[a]limony is an allowance out of one party's estate, made for the support of the other party when living separately. It is either temporary or permanent." O.C.G.A. § 19-6-1(a). The Diaz-Versons' divorce decree does include a judgment for permanent alimony in the form

7

of monthly payments.  *See* Settlement Agreement § 3, ECF No. 376-1 at 4-5 (awarding permanent "alimony" to Patricia).  The divorce decree also requires Diaz-Verson to maintain a life insurance policy with Patricia as the beneficiary "so long as alimony is due and payable under th[e] agreement."  *Id.* § 9, ECF No. 376-1 at 9.  But the divorce decree does not categorize the beach condominium as alimony.  Without some indication that the parties intended for the beach condominium to be alimony rather than equitable division of the marital property, the Court cannot conclude that it was alimony.  Patricia thus does not have an alimony judgment related to the beach condominium.

The next question is whether Patricia nonetheless has priority in the garnishment funds based on Diaz-Verson's failure to extinguish the judgment liens.  To have priority in the garnishment funds, Patricia must have a judgment against Diaz-Verson that predates Blach's October 6, 2015 judgment.  *See* O.C.G.A. § 18-4-2(b) (permitting garnishment "when a money judgment was obtained"); O.C.G.A. § 18-4-18 (providing that "the party with the oldest entered judgment shall have priority" in garnished funds).  Patricia argues that Diaz-Verson's "breach of the [divorce decree]" is an "established debt," but she did not point to any evidence that the debt was reduced to a judgment, and she did not point to any authority for her position that any debt Diaz-Verson owes her based on his failure to extinguish the liens

8

should be treated as a judgment. Mot. for Recons. 2; *cf. Stone v. Stone*, 673 S.E.2d 283, 285 (Ga. Ct. App. 2009) (concluding that an ex-husband could bring a breach of contract action against his ex-wife based on her failure to indemnify him for debts she incurred through a credit line on their house as the settlement agreement incorporated into their divorce decree required her to do).

In summary, Patricia did not point to evidence or authority to establish that she holds a judgment against Diaz-Verson based on his failure to extinguish the SunTrust liens. Therefore, she is not entitled to priority in the garnished funds.

## CONCLUSION

For the reasons set forth above, the Court denies Patricia Diaz-Verson's motions for disbursement (ECF Nos. 404, 418). The Court grants Blach's motions for disbursement (ECF Nos. 402, 413). The Clerk is instructed to enter judgment in favor of Plaintiff Harold Blach with regard to the writs of garnishment issued on August 29, 2018 (ECF No. 380), September 26, 2018 (ECF No. 388), and October 24, 2018 (ECF No. 396). The Clerk shall disburse to Harold Blach $32,174.10, plus any interest earned on that sum while it was held in the Court's registry.

IT IS SO ORDERED, this 25th day of January, 2019.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA