IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HAROLD BLACH, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:15-MC-5 (CDL) |
| SAL DIAZ-VERSION, | * | |
| Defendant. | * | |

O R D E R

Presently pending before the Court are the competing motions for disbursement of Harold Blach and Patricia Diaz-Verson. Both seek disbursement of the $36,997.19 Garnishee AFLAC, Inc. deposited with the Court in response to the January 16, 2019, February 13, 2019, and March 29, 2019 Writs of Garnishment (ECF Nos. 424, 434, 441). Diaz-Verson did not file any objection to the Garnishee's Answers. For the reasons set forth below, the Court grants Blach's motion for disbursement (ECF No. 451) and denies Patricia's motion for disbursement (ECF No. 444).

BACKGROUND

**I. Blach's Judgment**

Harold Blach holds a judgment against Sal Diaz-Verson that was registered in this Court on October 6, 2015. Blach asserts that the outstanding principal amount of the judgment as of May 16, 2019 was $38,524.62. Blach further asserts that when he

previously collected garnishment proceeds from this Court and Georgia state courts, he applied $1,241.71 of the proceeds to necessary filing fees and service fees.[1]

Diaz-Verson has not satisfied the judgment. Diaz-Verson's former employer, AFLAC Inc., makes bimonthly payments to Diaz-Verson, twenty-five percent of which is subject to garnishment. Blach has filed a series of applications for writs of garnishment. In response to Blach's applications for writs of garnishment, the Clerk issued writs of garnishment (ECF No. 424 on 1/16/2019, ECF No. 434 on 2/13/2019, ECF No. 441 on 3/29/2019). AFLAC answered those writs of garnishment and deposited funds into the Court's registry (Answer, ECF No. 435 on 3/4/2019, deposit of $5,033.05 on 3/15/2019; Answer, ECF No. 445 on 4/1/2019, deposit of $15,408.24 on 4/2/2019; Answer, ECF No. 454 on 4/24/2019, deposit of $16,555.90 on 5/7/2019). Diaz-Verson did not object to AFLAC's Answers. The Court holds $36,997.19 in its registry that is subject to the motions for disbursement.

## II. Patricia's Judgment

Patricia was married to Sal Diaz-Verson, the Defendant in this garnishment proceeding. The Diaz-Versons divorced in 2011. They reached a settlement agreement, which was incorporated into the final judgment and divorce decree entered on December 2, 2011.

---

[1] Patricia argues that the true balance owed to Blach is $37,889.33. The Court need not decide the exact balance because the amount subject to the present motion for disbursement is less than $37,000.00.

2

*See generally* Final J. & Decree, ECF No. 376-1. The court ordered alimony in accordance with the parties' settlement agreement. *Id.* at 1. Patricia was awarded alimony of $10,000.00 per month. Settlement Agreement § 3, ECF No. 376-1 at 4-5.

Patricia previously asserted that Diaz-Verson was $96,000.00 in arrears on his alimony payments as of August 14, 2018. Patricia Diaz-Verson Aff., ECF No. 375. Patricia did not argue or present evidence that the alimony arrearages accrued before October 6, 2015. She also did not argue or present evidence that in the event of an arrearage she (or Diaz-Verson) directed that Diaz-Verson's subsequent payments should be applied to the current alimony due instead of the oldest arrearage. The Court thus concluded that Patricia's claim was for recent alimony arrearages because, "as a general rule, the oldest lien and the oldest item in an account shall be paid first, the presumption of law being that such is the intention of the parties." O.C.G.A. § 13-4-42. Therefore, the Court found that Patricia's judgment based on the alimony arrearages accrued after Blach registered his judgment in this Court and that her judgment was thus not superior to Blach's judgment. *See generally* Nov. 2, 2018 Order, ECF No. 400. Judgment was entered in favor of Blach as to the garnished funds. Patricia

did not seek relief from that judgment, and the funds were disbursed to Blach.[2]

Patricia now claims that Diaz-Verson is in arrears for alimony arrearages of $42,500.00 that accrued between 2011 and 2015, plus interest. In support of this argument, Patricia submitted an affidavit with an attachment suggesting that Diaz-Verson was in arrears $10,000.00 for the year 2011, $13,000.00 for the year 2012, $5,000.00 for the year 2013, $4,000.00 for the year 2014, and $10,500.00 for the year 2015.[3] Patricia Diaz-Verson Aff., ECF No. 447 & 447-1. According to Patricia, her "present third party claim is different from [her] prior claims in that [Patricia] is now asking the Court to recognize the fact that [Patricia] is only seeking the garnishment funds in the Court registry for alimony arrearages due under the 2011 judgment that occurred prior to" October 6, 2015 and that she "is not seeking arrearages that occurred after" that date. Patricia Diaz-Verson Reply in Supp. of Mot. for Distribution 2, ECF No. 452. So, it appears that Patricia

---

[2] Patricia later claimed that Diaz-Verson was indebted to her for "alimony arrearages" based on Diaz-Verson's failure to extinguish two judgment liens on a beach condominium that was awarded to Patricia in the divorce. The Court concluded that Patricia had not established that she held a judgment against Diaz-Verson based on his failure to extinguish the liens. *See* Jan. 25, 2019 Order, ECF No. 428.

[3] Patricia's present evidence offers no particulars on the arrearages. Rather, she provides a lump sum amount that she says Diaz-Verson was in arrears for each year between 2011 and 2015, with a chart of interest calculations for each year's arrearage. Nothing in the present record details each instance Diaz-Verson failed to make a complete alimony payment or how Patricia applied each alimony payment.

4

is now asserting that she did *not* apply alimony payments from Diaz-Verson to the oldest arrearage first.

DISCUSSION

Blach argues that Patricia's present claim that she has priority to the garnished funds is barred by res judicata. Res judicata "bars subsequent actions 'as to all matters put in issue or which under the rules of law might have been put in issue' in the original action." *Lamb v. T-Shirt City, Inc.*, 612 S.E.2d 108, 110 (Ga. Ct. App. 2005) (quoting *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 469 S.E.2d 466, 468 (Ga. Ct. App. 1996)) (emphasis omitted); *accord* O.C.G.A. § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."). Res judicata "will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, and the other action was against the same defendant or its privy." *Id.* (quoting *Kaylor v. Rome City School Dist.*, 600 S.E.2d 723, 725 (Ga. Ct. App. 2004)). "Three elements are necessary to establish res judicata: (a) identity of the parties; (b) identity of the cause of action; and (c) prior adjudication on

5

the merits of the action by a court of competent jurisdiction." *Id.* (quoting *Kaylor*, 600 S.E.2d at 725).

All of these elements are met here. Both Blach and Patricia made claims to funds garnished from Diaz-Verson, and both argued that they had priority to the funds. The Court adjudicated the issue on the merits, concluding that Blach's claim was superior to Patricia's because Patricia had not presented evidence that the alimony arrearages accrued before Blach registered his judgment in this Court. Judgment was entered in favor of Blach, and the funds were disbursed to him. Patricia did not appeal or otherwise seek relief from the judgment. Patricia now asserts that a portion of the $96,000.00 in arrearages she sought in her prior claim accrued before October 6, 2015 and that she should now be deemed to have priority in that portion of the funds. So, if res judicata were not applied here, Patricia would "be given a second chance to proffer the evidence [she] failed to present in the first action." *Id.* at 111-12 (concluding that the assignee of a claimant who "failed to present the necessary evidence to prove that she held a superior claim" in one action was barred by res judicata from bringing a subsequent cause of action to determine the priority of claims to garnished funds). The Court finds that Patricia's present claim to priority over Blach's judgment is barred by res judicata.

CONCLUSION

For the reasons set forth above, the Court denies Patricia Diaz-Verson's motion for disbursement (ECF No. 444). The Court grants Blach's motion for disbursement (ECF No. 451). The Clerk is instructed to enter judgment in favor of Plaintiff Harold Blach with regard to the writs of garnishment issued on January 16, 2019, February 13, 2019, and March 29, 2019 (ECF Nos. 424, 434, 441). The Clerk shall disburse to Harold Blach $36,997.19, plus any interest earned on that sum while it was held in the Court's registry.

The Court anticipates that AFLAC will soon answer the summons of garnishment issued on April 18, 2019 and that Blach will file a motion for disbursement once AFLAC deposits the funds. When Blach files the motion for disbursement, he should provide the Court with authority for his assertion that the costs he seeks are recoverable under the law, and he should provide an affidavit along with documentation of those costs.

IT IS SO ORDERED, this 21st day of May, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
