IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HAROLD BLACH,           *

    Plaintiff,          *

vs.                         *       CASE NO. 4:15-MC-5 (CDL)

SAL DIAZ-VERSON,        *

    Defendant.         *

O R D E R

Third-party claimant Patricia Diaz-Verson seeks reconsideration of the Court's most recent order of disbursement (ECF No. 458). In that order, the Court instructed the Clerk to enter judgment in favor of Plaintiff Harold Blach with regard to the writs of garnishment issued on January 16, 2019, February 13, 2019, and March 29, 2019 (ECF Nos. 424, 434, 441). Therefore, Patricia's "motion is properly characterized as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*,

197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *accord Mays*, 122 F.3d at 46 ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").[1]

Patricia's present motion for reconsideration relies on the same arguments she made in her briefing on her motion for disbursement. The Court rejected those arguments when it denied her motion. Patricia offered no valid grounds for reconsideration. Her motion (ECF No. 459) is denied.

IT IS SO ORDERED, this 10th day of July, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] There is a similar standard for motions for reconsideration that do not address a final judgment. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).