IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HAROLD BLACH,                          *

    Plaintiff,                     *

vs.                                    *
                                        CASE NO. 4:15-MC-5 (CDL)

SAL DIAZ-VERSON,                       *

    Defendant.                     *

_____

O R D E R

The Court holds $27,377.32 in its registry pursuant to the writs of garnishment that were issued on April 18, 2019 (ECF No. 449) and May 29, 2019 (ECF No. 460). Sal Diaz-Verson filed an unopposed motion for disbursement of those garnished funds. It appeared to the Court that Harold Blach had a small balance remaining on his judgment against Diaz-Verson.[1] So, although Blach did not oppose Diaz-Verson's motion for disbursement or file a motion for disbursement before the Court decided Diaz-Verson's motion, the Court permitted him to file one last motion for disbursement. Order 2 (Aug. 20, 2019), ECF No. 467. The Court emphasized that if Blach wished to recover the costs he sought in addition to the small outstanding principal balance, he must provide proof of those costs and authority that they are recoverable.

---

[1] In addition, Diaz-Verson's ex-wife Patricia Diaz-Verson filed claims to funds deposited pursuant to prior writs of garnishment. All her claims have been withdrawn. *See* Withdrawal of Claims, ECF No. 474.

Blach asserts that Georgia law permits him to recover his filing fees because the statutory form for the Clerk of Court to use in issuing a summons of garnishment has a space for the Clerk to insert the amount of court costs due on the summons. O.C.G.A. § 18-4-74. In addition, the statutory form for affidavits of garnishment has a space for the affiant to state what portion of the balance due is costs. O.C.G.A. § 18-4-71. Diaz-Verson does not seriously dispute that these required statutory forms would permit Blach to recover the $46.00 court cost that was required to have the summons of garnishment issued in this action and in the other garnishment actions that were consolidated into it (4:16-mc-1, 4:16-mc-2, 4:16-mc-6, 4:16-mc-7).[2] Based on the Court's review of the dockets, Blach paid the $46.00 filing fee in each of these actions, he included that cost in the affidavits of garnishment that initiated the actions, and at least some of the summonses of garnishment stated that $46.00 in court costs were due on the summonses. Thus, Blach was permitted to apply the disbursements to the $230.00 in court costs that were required to have this Court issue the summonses of garnishment.

---

[2] Blach also seeks to recover the filing fee for 4:15-mc-4, the case that Blach filed to register his judgment in this Court. That case was closed, no summons of garnishment was issued, and his garnishment actions were separate. Blach did not point to authority that he is entitled to recover the filing fee for 4:15-mc-4.

Blach also asserts that he incurred $691.00 in filing fees in two Gwinnett County actions and one Fulton County action that resulted in garnishment of Diaz-Verson's funds and disbursement to his creditors, including Blach. But in his present motion for disbursement, Blach did not point to any documentation that such costs were included in his affidavits of garnishment in those actions or that the summonses of garnishment in those actions stated that such costs were due on the summonses. The Court has repeatedly instructed Blach that if he wished to recover costs, he must provide documentation of them. Without such documentation, the Court declines to award Blach the costs he says are associated with the three state court actions.

Based on the Court's calculations, which only apply the disbursement proceeds to principal, interest, and the $230.00 in costs incurred in garnishment proceedings in this Court, the outstanding principal balance and accrued interest on Blach's judgment is $458.97. The Clerk shall disburse to Harold Blach $458.97 and shall enter judgment in his favor on that amount with regard to the writ of garnishment that was issued on April 18, 2019 (ECF No. 449). Blach's judgment against Diaz-Verson has now been satisfied. All remaining funds in the Court's registry shall be returned to Diaz-Verson. The Clerk shall enter judgment in Diaz-Verson's favor as to the May 29, 2019

(ECF No. 460) writ and the remaining amount on the April 18, 2019 writ.  The Clerk shall close this action.

IT IS SO ORDERED, this 17th day of October, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA